1  Jesse C. Ferrantella CA Bar No. 279131
   jesse.ferrantella@ogletree.com
2  Andrew J. Deddeh CA Bar No. 272638
   andrew.deddeh@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  4660 La Jolla Village Drive, Suite 900
   San Diego, CA  92122
5  Telephone:    858-652-3100
   Facsimile:    858-652-3101
6
7  Attorneys for Defendant THERMA, LLC

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| ANICIA CISNEROS, on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br><br>       v.<br><br>THERMA, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive.<br><br>              Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[28 U.S.C. § 1332(d) (Class Action Fairness Act)]<br><br><br>Complaint Filed:  June 28, 2022<br>Date Removed:    August 1, 2022 |

Defendant THERMA, LLC ("Defendant") removes this action to the United States District Court for the Northern District of California under 28 U.S.C. Section 1332(d) (the Class Action Fairness Act ["CAFA"]) and Section 1446 because (1) at least one member of the putative class of plaintiffs is a citizen of a state different from defendant; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. All CAFA requirements are satisfied here.

## I.    STATE COURT ACTION

1.    Plaintiff filed her Complaint on June 28, 2022, in the Santa Clara County Superior Court ("Action"). The Santa Clara County Superior Court assigned the Action Case No. 22CV399660. (Declaration of Jesse C. Ferrantella ["Ferrantella Decl."], ¶ 2; Ex. 1, Complaint.)

2.    Defendant was served with Plaintiff's Complaint on June 30, 2022. (Ferrantella Decl., ¶ 3; Ex. 2, Proof of Service of Summons.)

3.    Defendant then filed its Answer to Plaintiff's Complaint in the Santa Clara County Superior Court on July 29, 2022. (Ferrantella Decl., ¶ 4; Ex. 3, Answer.)

## II.   REMOVAL IS TIMELY

4.    Under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), Defendant's deadline to remove the Action is August 1, 2022. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999). This removal is timely.

## III.  REMOVAL IS PROPER UNDER CAFA

5.    The Complaint asserts the following claim on a class-wide basis: (1) failure to pay all minimum wages; (2) failure to pay all overtime wages; (3) meal period violations; (4) rest period violations; (5) wage statement violations; (6) waiting time penalties; and (7) violation of the unfair competition law. (Ex. 1, Complaint.)

6.    CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of all proposed plaintiff classes in the aggregate is over 100; and where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes such removal under 28 U.S.C. § 1446.

7. This Court has original jurisdiction over the Action under CAFA because it is a civil case filed as class action wherein at least one member of the putative class of plaintiffs is a citizen of a state different from Defendant; the number of individuals in Plaintiff's proposed classes in the aggregate is over 100; and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

**A.     CAFA's Diversity of Citizenship Requirement Is Satisfied**

8. CAFA's diversity requirement is satisfied "so long as 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Bradford v. Bank of Am. Corp.*, No. CV 15-5201-GHK (JCX), 2015 WL 5311089, at *3 (C.D. Cal. Sept. 10, 2015) (citing *California v. IntelliGender, LLC*, 771 F.3d 1169, 1172 (9th Cir. 2014)); *Rodgers v. Central Locating Service, Ltd.*, 412 F. Supp. 2d 1171, 1175 (W.D. Wa. 2006); 28 U.S.C. §§ 1332(d)(2), 1453(a), (b).

9. Under 28 U.S.C. § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." The Supreme Court has held the "principal place of business" is best read as referring to the place where a company's officers direct, control, and coordinate its activities. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). The court further clarified the principal place of business was the place where a company "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.*

10. Defendant is a limited liability company organized under the laws of the State of Delaware. (Declaration of Katie Madorin ["Madorin Decl."], ¶¶ 6-7.) Its principal place of business is not in Colorado, Nevada or Michigan. (*Id.*) Minimal diversity is established because, at all relevant times, at least one member of the putative class of plaintiffs is a citizen of a State different from Therma, LLC. (*Id.*)

**B.     CAFA's Class Size Requirement Is Satisfied**

11. Plaintiff brings the Action pursuant to California Code of Civil Procedure Section 382 on behalf of the following "Class":

> All non-exempt employees who work or worked for Defendants in California, during the four years immediately preceding the filing of the Complaint through the date of trial. ("Class")

(Ex. 1, Complaint, ¶ 30.)

12. Plaintiff also alleges three subclasses: the "Overtime Subclass;" "Wage Statement Subclass;" and "Waiting Time Penalty Subclass." (*Id.*)

13. While Defendant disputes Plaintiff's allegations, from June 28, 2018, through the date of the Madorin Declaration (July 28, 2022), the putative class includes, in the aggregate, at least 2,403 non-exempt employees. (Madorin Decl., ¶ 2.) Thus, CAFA's size requirement is satisfied.

**C.   CAFA's Requisite $5 Million Amount in Controversy Is Satisfied**

14. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

15. Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds [$5,000,000]." *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). Courts look to the allegations in the complaint in determining the amount in controversy. *LaCross v. Knight Trans. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) ("[O]ur first source of reference in determining the amount in controversy [is] plaintiff's complaint"). "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Central Freight Lines, Inc.*, 692 F. App'x 806 (9th Cir. 2017) (citing *Campbell v. Vitran Express, Inc.*, 471 F. App'x. 646, 648 (9th Cir. 2012)). In determining whether the amount in controversy requirement is met, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

16. Among other things, Plaintiff seeks the recovery of unpaid wages, waiting time penalties, itemized wage statement penalties, meal and rest period premium pay, and reasonable attorney fees and costs, on behalf of himself and the putative classes. (*See* Ex. 1, Complaint.) The

Complaint, on its face based on the allegations in it, satisfies the $5,000,000 threshold for CAFA removal.[1] *See* 28 U.S.C. § 1332(d).

### 1. Relevant Putative Class Data

17. Plaintiff seeks to certify various classes and subclasses from June 28, 2018 to the present. From June 28, 2018 to the Notice of Removal, the putative class includes, in the aggregate, at least 2,403 non-exempt employees in California. Those employees worked at least 194,112 workweeks. The average hourly rate during the alleged class period is $55.59. (Madorin Decl., ¶ 2.)

18. From June 28, 2019, to the present, at least 1,072 non-exempt employees and putative class members in California separated their employment. The average hourly rate during the alleged class period is $55.59. This equals an average daily rate (8 hours) of approximately $444.72. (Madorin Decl., ¶ 3.)

19. From June 28, 2021, to the present, at least 1,503 non-exempt employees in California received at least 47,111 wage statements. (Madorin Decl., ¶ 4.)

### 2. Waiting Time Penalties

20. Plaintiff alleges that "Defendants willfully failed to pay the Waiting Time Subclass for all hours worked, including all minimum and overtime wages, sick time, and their meal and rest period premiums at the 'regular rate of pay', prior to or upon termination or separation from employment with Defendants as required by Labor Code §§ 201 and 202." (Ex. 1, Complaint, ¶ 69.) Plaintiff further alleges, "Defendants are liable to the Waiting Time Subclass for waiting time penalties amounting to thirty (30) days wages for Plaintiff and the Waiting Time Subclass." (*Id*, ¶ 70.)

21. California Labor Code section 203 provides "[i]f an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Pineda v. Bank of Am., N.A.*,

---

[1] In alleging the amount in controversy for purposes of CAFA, Defendant does not concede in any way that the allegations in the Complaint are true or accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint. Nor does Defendant concede that any or all putative class members are entitled to any recovery in this case, or are appropriately included in the action. Defendant also does not concede Plaintiff can bring her claims on class or representative basis.

50 Cal. 4th 1389, 1398 (2010). The limitations period for such waiting time penalty claims is three years. *Id.* at 1400.

22. From June 28, 2019, to the present, at least 1,072 non-exempt employees and putative class members in California separated their employment. The average hourly rate during the alleged class period is $55.59. This equals an average daily rate (8 hours) of approximately $444.72. (Madorin Decl., ¶ 3.)

23. Therefore, based on Plaintiff's allegations, the amount in controversy for waiting time penalties alone is at least **$14,302,195.20** ($55.59 per hour x 8 hours x 30 days x 1,072 putative class members). *See Crummie v. CertifiedSafety, Inc.*, No. 17-CV-03892-RS, 2017 WL 4544747, at *3 (N.D. Cal. 2017) (finding it "completely reasonable" for the defendant to assume the maximum, 30-day period of waiting time penalties where the allegations support the assumption); *Marentes v. Key Energy Servs. Cal., Inc.*, No. L13–CV–02067 AWI, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015) (where "wages are alleged to have not been paid, the full thirty days may be used for each of the putative class members."). Even if reducing the amount by 50%, the amount in controversy easily exceeds the $5,000,000 threshold based on this claim alone.

### 3. Wage Statement Penalties

24. Plaintiff also alleges "Defendants issued and continue to issue wage statements to its employees including Plaintiff and members of the Wage Statement Subclass, which are inadequate." (Ex. 1, Complaint, ¶ 60.) Plaintiff further alleges "as a result of Defendants failure to pay Plaintiff and the Wage Statement Subclass for all regular and overtime wages, and missed meal and rest period premiums at the appropriate legal rate, Defendants failed to include required information on Plaintiff and the Wage Statement Subclass' wage statements." (*Id.*, ¶ 61.) As a result, Plaintiff seeks statutory penalties for inaccurate wage statements under Labor Code § 226 in the amount of $50 for the initial violation and $100 for each subsequent violation. (*Id.*, ¶ 64.)

25. A one-year statutory period applies to Plaintiff's claim for wage statement penalties. Cal. Code Civ. Proc. §340(a); *Falk v. Children's Hospital Los Angeles*, 237 Cal. App.4th 1454, 1469 (2015).

26. As noted above, from June 28, 2021, Therma issued approximately 47,111 wage statements to 1,503 putative class members. (Madorin Decl., ¶ 4.) Therefore, based on Plaintiff's allegations, the amount in controversy for wage statement penalties is **$4,635,950** (1,503 wage statements x $50 = $75,150; 45,608 wage statements x $100 = $4,560,800 [$75,150+ $4,560,800 = $4,635,950]). For purposes of removal, Defendant excluded any pay periods above 40 for a given employee (i.e., a $3,950 penalty), so the maximum statutory penalty alleged by Plaintiff of $4,000 (which Defendant denies) is not implicated. (Madorin Decl., ¶ 4.)

### 4. **Further Data**

27. For purposes of this removal, waiting time penalties and wage statement penalties alone are more than sufficient to support the required $5,000,000 threshold amount in controversy. However, Defendant has provided data sufficient to calculate and support, based on Plaintiff's allegations, an even greater amount in controversy based on alleged meal period penalties, rest period penalties, and Plaintiff's other claims. (Madorin Decl., ¶¶ 2-4.) There is no doubt that, as alleged, the amount in controversy exceeds the requisite threshold.

### 5. **Attorney Fees**

28. There is at least **$18,938,145.20** in controversy ($4,635,950 in wage statement penalties + $14,302,195.20 in waiting time penalties = 18,938,145.20).

29. Plaintiff also seeks attorney fees in connection with the above claims. (Ex. 1, Complaint, Prayer for Relief.) In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Altamirano v. Shadow Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *13 (N.D.

1  Cal. Jan. 14, 2013) (including 25% attorney's fees to increase the amount-in-controversy to above
2  $5,000,000 CAFA threshold).

3      30.    Assuming an award of attorney fees in the benchmark amount of 25% of the total
4  recovery, the amount in controversy for such fees is **$4,734,536.30** ($18,938,145.20 x 0.25).

5      **6.**    **Summary**

6      31.    Based on Plaintiff's allegations, the amount in controversy is at least **$23,672,681.50**
7  ($4,734,536.30 [attorney fees] + $18,938,145.20 [alleged damages]). Even excluding Plaintiff's
8  other claims, including meal period penalties, rest period penalties, and overtime wages and
9  minimum wages, the Complaint easily satisfies the $5 million threshold.

10 **IV.**    **VENUE IS PROPER IN THIS COURT**

11     32.    Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the
12 United States in which the Action is pending. The Superior Court for the County of Santa Clara is
13 within the Northern District of California. 28 U.S.C. § 84(b). As such, venue is proper in this Court
14 because it is the district and division embracing the place where the Action is pending. 28 U.S.C.
15 § 1441(a).

16     33.    Under 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the
17 Declarations of Katie Madorin, and Jesse C. Ferrantella, and Exhibits 1 to 3, which constitute a copy
18 of all processes, pleadings, and orders provided to Defendant.

19     34.    As required by 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), this
20 Notice of Removal was filed timely as Plaintiff served her Complaint on June 30, 2022.

21     35.    As required by 28 U.S.C. § 1446(d), Defendant provided Notice of Removal to
22 Plaintiff through her attorney of record.

23     36.    As required by 28 U.S.C. § 1446(d), Defendant will file a copy of the original Notice
24 of Removal with the Superior Court of the State of California, for the County of Santa Clara.

25     37.    If this Court has a question regarding the propriety of this Notice of Removal,
26 Defendant requests it issue an Order to Show Cause so it can provide additional briefing on the
27 grounds for this removal, including further detail regarding the full amount in controversy.
28

## V. CONCLUSION

For the foregoing reasons, Defendant removes the above-entitled action to the United States District Court for the Northern District of California.

DATED: August 1, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ *Jesse C. Ferrantella*
    Jesse C. Ferrantella
    Andrew J. Deddeh
    Attorneys for Defendant THERMA, LLC